# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4042 and 97-9017

_____

|  |  |
|---|---|
| In Re:  Thomas R. Zakrzewski, | *   Appeals from the United States |
|  | *   District Court for the |
|  | *   District of Nebraska. |
| Appellant. | * |
|  | *       **[UNPUBLISHED]** |

_____

Submitted:  April 14, 1998
Filed:  July 27, 1998

_____

Before RICHARD S. ARNOLD,[*] Chief Judge, LAY and LOKEN, Circuit Judges.

_____

PER CURIAM.

        Thomas R. Zakrzewski served as attorney for his brother in acrimonious divorce and related proceedings.  For additional background, see Zakrzewski v. Fox, 87 F.3d 1011 (8th Cir. 1996).  The attorney for his brother's ex-wife filed a complaint with the Nebraska State Bar Association alleging that Zakrzewski violated Disciplinary Rules 7-102(A)(1) and (5) by signing an affidavit falsely accusing the complainant of acting in concert with his client to file a false and malicious claim of child abuse against Zakrzewski's brother.  The Committee on Inquiry of the Third Disciplinary District filed formal charges with the Nebraska Supreme Court.  Following a hearing, a referee concluded that Zakrzewski did violate the disciplinary rules.  The Nebraska Supreme

_____

[*]The Honorable Richard S. Arnold stepped down as Chief Judge at the close of business on April 17, 1998.  He has been succeeded by the Honorable Pasco M. Bowman, II.

Court agreed that "the evidence clearly and convincingly establishes that respondent's actions in signing the affidavit were violative of DR 7-102(A)(1) and (5)." That Court suspended Zakrzewski from the practice of law in Nebraska for eighteen months. Zakrzewski now appeals the en banc decision of the United States District Court for the District of Nebraska to suspend him from practice before the district court. We issued an order to show cause why he should not likewise be suspended from practice before this court (No. 97-9017).

Reciprocal discipline is the norm because disciplinary decisions by state courts are entitled to high respect. However, "disbarment by federal courts does not automatically flow from disbarment by state courts." Theard v. United States, 354 U.S. 278, 282 (1957). A district court "may impose reciprocal discipline unless, after an independent consideration of the record, the court finds (1) a deprivation of due process; (2) a lack of adequate proof establishing misconduct; or (3) that the imposition of reciprocal discipline would result in grave injustice." In re Attorney Discipline Matter, 98 F.3d 1082, 1087 (8th Cir. 1996). After careful review of the record, we conclude that the district court applied the proper standard in imposing reciprocal discipline, that the district court's imposition of discipline was procedurally proper, and that there was an adequate factual basis for the Nebraska Supreme Court's determination that Zakrzewski was guilty of misconduct warranting the discipline that Court imposed.

Accordingly, the judgment of the district court is affirmed. Thomas R. Zakrzewski is hereby suspended from practice before this court until further order.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-